S. H. KRESS & Co. *v.* UNITED STATES (No. 3784)[1]

United States Court of Customs and Patent Appeals, December 3, 1934

Sharretts & Hillis (*Edward P. Sharretts* of counsel) for appellant.
*Joseph R. Jackson,* Assistant Attorney General (*Daniel I. Auster* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 12, 1934, by Mr. Sharretts and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, holding certain "children's size masks," in chief value of paper or papier mâché, chiefly used for the amusement of children, dutiable at 70 per centum ad valorem under the provision for "all other toys, and parts of toys, not specially provided for," contained in paragraph 1513 of the Tariff Act of 1930, as assessed by the collector at the port of Baltimore, Md., rather than as masks composed of paper or papier mâché at 25 per centum ad valorem under paragraph 1403 of that act.

The paragraphs in question read as follows:

PAR. 1513. Dolls and doll clothing, composed in part, however small, of any of the laces, fabrics, embroideries, or other materials or articles provided for in paragraph 1529 (a), 90 per centum ad valorem; dolls and toys, composed wholly or in chief value of any product provided for in paragraph 31, having any movable member or part, 1 cent each and 60 per centum ad valorem; not having any movable member or part, 1 cent each and 50 per centum ad valorem; parts of dolls or toys, composed wholly or in chief value of any product provided for in paragraph 31, 1 cent each and 50 per centum ad valorem; all other dolls, parts of dolls (including clothing), doll heads, toy marbles, toy games, toy containers, toy favors, toy souvenirs, of whatever materials composed, air rifles, toy balloons, toy books without reading matter (not counting as reading matter any printing on removable pages), other than letters, numerals, or descriptive words, bound

or unbound, and parts thereof, garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, *and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.* (Italics ours.)

PAR. 1403. Filter masse or filter stock, composed wholly or in part of wood pulp, wood flour, cotton or other vegetable fiber, 20 per centum ad valorem; indurated fiber ware, masks composed of paper, pulp or papier mâché, and manufactures of papier mâché, not specially provided for, 25 per centum ad valorem; manufactures of pulp, not specially provided for, 30 per centum ad valorem.

The cause was submitted to the court below on a stipulation entered into by the parties. It reads:

It is stipulated and agreed, by and between the parties hereto, that the masks contained in an envelope submitted herewith, are children's size masks, manufactures in chief value of paper or papier mache, true and representative samples of Items Nos. K/32 and K/33 contained in Invoice No. 9 of Entry No. 1025, Steamship *West Arrow*, entered August 28, 1930.

It is further stipulated and agreed, by and between the parties hereto, that the masks may be admitted in evidence and marked Collective Exhibit 1 and that this protest may be deemed submitted on this stipulation. * * *

On this record the trial court, in an opinion by Sullivan, J., held that as the collector had found that the involved masks were chiefly used for the amusement of children, and as there was no evidence tending to establish that they were not chiefly so used, the importer had failed to overcome the presumption of correctness attending the collector's classification, and, accordingly, overruled the protest.

It is contended here by counsel for appellant that the involved masks are specially provided for under paragraph 1403, *supra*, and that, therefore, they are not dutiable under the provision in paragraph 1513, *supra*, for "all other toys, and parts of toys, not specially provided for." In support of his contention, counsel for appellant states in his brief that—

The phrase "and all other toys, and parts of toys, not specially provided for" is susceptible of but one meaning. That meaning can only be that if such toys are "specially provided for" they are excluded from the provision for "all other toys."

The phrase "whether or not more specifically provided for elsewhere in this Act", which appears in the concluding clause of the paragraph, is likewise susceptible of but one meaning. That meaning can only be that the articles to which the clause refers are *not* to be excluded from paragraph 1513 even if specially provided for elsewhere.

Obviously the phrases "not specially provided for" and "whether or not more specifically provided for" are directly opposite in meaning and were not intended to apply to the same articles. If the words "all other toys, and parts of toys" were governed by both qualifying clauses, then clearly, the provision could not be administered without completely nullifying one or the other of these two directly opposing clauses.

* * * * * * *

It is, of course, an elementary principle of statutory construction that, if possible, effect must be given to all parts of an Act. The clause "not specially provided for" cannot be read out of the paragraph, if the paragraph is susceptible of a meaning which would include it.

We agree with counsel for appellant that one of the primary rules of statutory construction is that the entire context of a statute must be considered, and, if possible, force and effect given to all "language contained therein." See *Nestle's Food Co., Inc.* v. *United States*, 16 Ct. Cust. Appls. 451–455, T. D. 43199.

However, the purpose of that rule, as well as all other rules of statutory construction, is to ascertain the legislative intent. Were it not for the fact that the legislative history of paragraph 1513, *supra*, indicates clearly, we think, that the Congress did intend to include all toys in that paragraph, we would be disposed to give the statute the construction claimed for it by counsel for appellant.

Paragraph 1414 of the Tariff Act of 1922, the predecessor of paragraph 1513, *supra*, provided, among other things, for "all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem." It contained no definition, as does paragraph 1513, of the term "toys," nor did it contain the mandate that the rates provided therein should be applicable to toys, whether or not more specifically provided for elsewhere in that act, as does paragraph 1513.

As H. R. 2667 (which became the Tariff Act of 1930) passed the House of Representatives, paragraph 1513 contained the following:

\* \* \* and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act: *Provided,* That none of the foregoing shall be subject to a less amount of duty than would be payable without regard to this paragraph, except that any of the foregoing composed wholly or in chief value of china, porcelain, parian, bisque, earthenware, or stoneware shall be classified under this paragraph.

The Senate Finance Committee inserted the definition of "toys," now contained in the paragraph, and made some other changes with which we are not here concerned.

In its report to the Senate, Report No. 37, at page 49, the Committee on Finance stated, with reference to the definition of toys and the proviso contained in paragraph 1513, that—

The term "toy" is defined with the intention of insuring classification under this paragraph of all articles chiefly used for the amusement of children. It is intended by the phraseology included in the proviso, adopted in the House bill and approved by the committee, and by including the definition of "toy", by striking out special mention of toys in paragraphs 211, 212, and 385; and by including new phraseology in paragraphs 228, 1502, and 1541 (d), to make all toys dutiable at 70 per cent under this paragraph, excepting that wherever toys are dutiable else-

where under other descriptions at more than 70 per cent, such other rate shall apply.

The proviso contained in the paragraph, as it passed the House of Representatives and as it was reported to the Senate by the Committee on Finance, was stricken from the paragraph by the Senate, for the purpose of making all toys dutiable at 70 per centum ad valorem under that paragraph. See Congressional Record, 71st Cong., 2d sess., vol. 72, pt. 6, pp. 5914 to 5916, inclusive. During the debate on the subject, the following colloquy occurred:

Mr. WALSH of Montana. I want to inquire of the chairman of the Committee on Finance if I am right in assuming that if that portion of the paragraph on page 210 [the proviso] shall be stricken out, then all toys will bear a duty of 70 per cent?

Mr. SMOOT. Yes; that is correct.

Mr. WALSH of Montana. Very well. If that shall be left in the bill, then it will not affect the amount of duty on any commodity the rate of duty on which is less than 70 per cent?

Mr. SMOOT. Only as to wool pile fabrics in paragraph 1110.

Mr. WALSH of Montana. But if the duty upon the constituent commodity is greater than 70 per cent, then this duty will operate?

Mr. SMOOT. Yes; that is correct.

Mr. WALSH of Montana. So that the only effect of the portion of the paragraph on page 210 would be to increase the duty upon toys?

Mr. SMOOT. Yes; if there were such a case as the Senator refers to.

See also Congressional Record, 71st Cong., 2d sess., vol. 72, pt. 4, pp. 3413 and 3414.

In the conference report to accompany H. R. 2667, Report No. 1892, dated June 13, 1930, at page 93, we find the following:

Amendment No. 749: The House bill provided that none of the articles enumerated in the toy paragraph (par. 1513) should be subject to a less amount of duty than would be payable without regard to the paragraph, except that any article named therein composed wholly or in chief value of china, porcelain, parian, bisque, earthenware, or stoneware should be classified under the paragraph. The Senate amendment strikes out this proviso; and the House recedes.

We think it is clear from the legislative history of paragraph 1513, *supra*, that the Congress intended that the provision "The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act," should not be limited by the clause "not specially provided for," contained in the paragraph, but should apply to all articles enumerated or described therein.

The term "toys" is descriptive of a large class of articles, and, according to the statutory definition, embraces all articles chiefly used for the amusement of children, including "masks," if they are chiefly so used.

The involved masks were classified as toys by the collector.

The only evidence of record is that contained in the stipulation. It appears therefrom that the involved articles are "children's size

masks," in chief value of paper or papier mâché. There is no evidence that they are not chiefly used for the amusement of children, nor are we able to state, by an examination of the masks in evidence—Collective Exhibit 1—that they are not chiefly so used.

The judgment is *affirmed*.